**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **NATASHA TRISLER ET AL** | * | **CASE NO. 1:17-CV-00421** |
| **VERSUS** | * | **CHIEF JUDGE DRELL** |
| **LIFESHARE BLOOD CENTERS** | * | **MAGISTRATE JUDGE PEREZ-MONTES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' AMENDING AND SUPPLEMENTAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Natasha Trisler and Heather Savage, both individually and on behalf of others similarly situated, submit their Amending and Supplemental Complaint, and, with respect, represent that Defendant is justly and truly indebted to Plaintiffs individually and as to all others similarly situated for damages, monies owed, penalties, attorney's fees and costs, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings, to wit:

1.

Made Defendant herein is **LIFESHARE BLOOD CENTERS** ("LSBC"), a Louisiana non-profit corporation that may be served through its registered agent, Cynthia Anderson, at 333 Texas Avenue Suite 1700, Shreveport, Louisiana 71120.

2.

This is a class action brought by Plaintiffs individually and on behalf of themselves and the Plaintiff Class, as defined below, against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

1

3.

The Plaintiff Class is composed of all persons currently or previously employed by LSBC who, during the time period of three (3) years from the date of the filing of this Petition, worked as employees for Defendant and were denied their fundamental rights under applicable laws. Specifically, Plaintiffs and the Plaintiff Class allege that Defendant violated the laws relative to regular and overtime payment by shaving time from each pay period of each and every member of the Plaintiff Class, and such actions amount to conversion and unjust enrichment. Plaintiffs bring this Class Action seeking damages, back pay, restitution, liquidated damages, civil penalties, prejudgment interest and any other relief that the Court deems just and reasonable under the circumstances. Plaintiffs further acknowledge that this Court has limited the class only to the Alexandria, Louisiana Center in its July 29, 2019 Judgment.

4.

Plaintiff, Natasha Trisler, is a resident of Jena, LaSalle Parish, Louisiana. At all times material hereto, Ms. Trisler was an employee of Defendant, LSBC, as defined in 29 U.S.C. § 201, *et. seq*, working as a donor technician in the Alexandria Department at LSBC. Upon information and belief, her dates of employment with Defendant were from March 2016 until October 2016.

5.

Plaintiff, Heather Savage, is a resident of Jena, LaSalle Parish, Louisiana. At all times material hereto, Ms. Savage was an employee of Defendant, LSBC, as defined in 29 U.S.C. § 201, *et seq*, working as a donor technician in the Alexandria Department at LSBC. Upon information and belief, Ms. Savage was employed by Defendant for several years, which first ended sometime in August of 2014; however, she also was employed by Defendant for four months in 2016.

6.

Defendant's material business is to collect blood and blood components from volunteers through whole blood donation and/or apheresis procedures for select blood components such as red cells, plasma and platelets. A material part of this business involves traveling to offsite locations to collect donations.

7.

At all times material hereto, Defendant, LSBC, was and remains an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). Defendant, LSBC, constitutes an enterprise within the meaning of 29 U.S.C. § 203(r)(1), because it performs related activities through common control for a common business purpose. Furthermore, LSBC is considered an employer within the meaning of 29 U.S.C.§ 203(d), and Plaintiffs and Plaintiff Class are considered employees under 29 U.SC. § 203(e).

8.

At all times material hereto, Plaintiffs and the members of the Plaintiff Class were employed by Defendant, LSBC, which was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**GENERAL ALLEGATIONS AS TO ALL COUNTS**

9.

Defendant had employees physically clock in and out of work and would also submit their times sheets on paper to their supervisor to log their time into the system for payment. That supervisor was supposed to submit the unaltered time for payment; however, upon information and belief, the supervisor routinely altered the submitted timesheets to automatically deduct thirty (30) minutes every working day for a meal period to avoid overtime. Plaintiffs were also routinely

instructed to indicate that a lunch was taken when, in truth and in fact, no bonafide meal break was actually afforded.

10.

Plaintiffs and Plaintiff Class were rarely, if ever, allowed a bona fide, uninterrupted meal break. Instead, they were not allowed to take any meal breaks, sometimes working over twelve (12) hours without any regular or meal breaks; however, time was still deducted to make it appear they did.

11.

The supervisor of the employees and the business administrator for Defendant were well aware that the employees were not being given a bona fide meal break; however, thirty (30) minutes for a meal break was still deducted from the employees' time entries. Employee timesheets that did not include the thirty (30) minute meal period (which was never actually received by the employee in the first place) were altered by Defendant's supervisors, in bad faith, to improperly subtract the time. As a result, the employees were not compensated for all hours worked.

12.

Upon information and belief, the meal breaks would have resulted in additional wages and/or additional overtime payments that were not made and are still due and owing.

13.

Plaintiffs and Plaintiff Class were paid on a bi-weekly basis. Their typical workday included meeting at their central office, gathering supplies, making preparations and doing other necessary activities related to the blood draws they were to travel for before then loading up company busses and vehicles to travel to off-site locations to collect blood and blood components from volunteers before traveling back to their central office and unloading the company equipment

prior to being released from work to return home. Employees were commonly on duty for twelve (12) hours per workday.

14.

LSBC maintained a policy in which it attempted to avoid paying overtime by scheduling time off for employees when they reached forty (40) hours of work in a given workweek. However, upon information and belief, other, more nefarious methods were employed by Defendant to prevent Plaintiffs from being paid overtime. One example is the improper deduction for a meal period that was never given to the Plaintiffs. It is further suspected that not all travel time was counted.

15.

Upon information and belief, the improper thirty (30) minute meal deductions impacted non-mobilized employees as well.

16.

Upon information and belief, many employees are no longer employed at LifeShare. Due to the practices described above, those individuals were not paid the amounts due at termination under the terms of employment, either in their last paycheck, within 15 days of termination, or ever. Defendant had no good faith reason for unlawfully withholding these wages.

## **CLASS ALLEGATIONS**

17.

Plaintiffs bring this action individually and as a class action pursuant to Louisiana Code of Civil Procedure article 591, *et seq*. All requirements of La. C.C.P. art. 591 are satisfied.

The class to be certified is defined as follows:

All individuals, who at any time during the relevant time period, worked as non-exempt staff employees of LifeShare Blood Centers, and who were not paid all of

their wages for hours worked and/or who worked overtime and were not compensated for their overtime pay to the fullest extent of the law.

The relevant time period dates back three (3) years from the date in which this Petition is filed and continues through the date of judgment. The FLSA provides a three year statute of limitations for claims involving a willful violation of the act. *See* 29 U.S.C. § 255(a).

18.

The individuals in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiffs believe the number of individuals who have worked as non-exempt staff employees at LSBC during the relevant time period, and who were not paid all of their wages and/or who worked overtime and were not compensated for their overtime pay exceeds fifty (50) employees.

19.

There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

a. Whether LSBC violated the FLSA by failing to pay staff employees regular pay as set forth and required by the FLSA;

b. Whether LSBC violated the FLSA by failing to pay staff employees overtime pay as set forth and required by the FLSA;

c. Whether LSBC willfully shaved time from staff employees' time sheets;

d. If LSBC violated the FLSA, the amount of damages and other relief (including all applicable civil penalties, liquidated damages, and attorney's fees) Plaintiffs and the members of the Plaintiff Class are entitled;

e. Whether or not LifeShare is liable to Plaintiff Class under a theory of unjust enrichment, particularly for any employees still working at LifeShare;

  f. Whether or not LifeShare is liable to Plaintiff Class under La. R.S. 23:631 et. seq for not paying all wages due following termination; and

  g. If LSBC violated the law, the amount of damages, penalties and attorney's fees Plaintiffs and the members of the Plaintiff Class are entitled.

20.

Plaintiffs' claims are typical to those of the Class. Plaintiffs, like other members of the Class, have worked both regular and overtime hours; however, before being paid, LSBC intentionally and willfully electronically shaved time from the hours already worked to prevent the payment of overtime wages. These acts were done pursuant to a common business practice which affected all class members in a similar way. Plaintiffs challenge Defendant's practices under legal theories common to all class members, such as the FLSA, La 23:631 et. seq, and/or unjust enrichment.

21.

Both Plaintiffs and undersigned counsel are adequate representatives of the Plaintiff Class. Plaintiffs are members of the Class. Given their losses, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Class. Plaintiffs have no interests that are antagonistic to those of the Class or would cause them to act adversely to the best interests of the Class. Plaintiffs have retained counsel experienced in class action litigation, including wage and hour disputes.

22.

This action is maintainable as a class action under La. C.C.P. art. 591, et seq. because Defendant has acted or refused to act on grounds that apply generally to the Class, so that final relief is appropriate respecting the class as a whole. The challenged practices are ongoing and

Defendant continues to refuse to comply with the law. The predominant relief sought in this case is compensatory and punitive in nature.

23.

This action is maintainable as a class action under La. C.C.P. art. 591, et seq. because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and equitable adjudication of this action.

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Regular and Overtime Wages)**

24.

Plaintiffs and the members of the Plaintiff Class repeat, reiterate, and re-allege each and every allegation hereinabove, as applicable, with the same force and effect as though the same was herein set forth at length.

25.

Upon information and belief, the aforementioned actions and/or omissions by Defendant, LSBC, have occurred to numerous other employees of LSBC.

26.

29 U.S.C. § 201 *et. seq.* requires that employers must pay employees at least the minimum wage for all compensable time. Under the facts alleged throughout, the willfully bad faith actions of LSBC resulted in all regular wages not being paid to its employees.

27.

Further, 29 U.S.C. § 207 requires that LSBC pay all employees overtime wages at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked in excess of the maximum number of hours per week as set forth in said law.

28.

Plaintiffs and other Class members worked in excess of the maximum number of hours per week allowed in their respective jobs; however, Defendant has failed to pay Plaintiffs and Class members overtime wages as set forth in 29 U.S.C. § 207.

29.

The aforementioned actions and/or omissions of Defendant show that Defendant failed to pay Plaintiffs and all other members of the Plaintiff Class regular and overtime wages and they were willfully denied their overtime pay by Defendant although they worked in excess of maximum hours per week, but were never paid in accordance with 29 U.S.C. § 207.

30.

Based on the foregoing, Plaintiffs seek on behalf of themselves, and all members of the Plaintiff Class, unpaid regular wages and overtime wages at the required legal rate for all of their working hours during the relevant time period in excess of the hours set forth in the relevant law, liquidated damages, prejudgment interest, attorney's fees and costs and all other costs and penalties allowed by law.

31.

The FLSA provides that a private civil action may be brought for the payment of federal overtime wages and for an equal amount in liquidated damages in any court of competent jurisdiction by an employee on behalf of him/herself and other employees similarly situated

pursuant to 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be and in an additional amount as liquidated damages.") Moreover, Plaintiffs and the members of the Plaintiff Class may recover attorney's fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

32.

Based on the foregoing, Plaintiffs seek on behalf of themselves, and all members of the Class, unpaid regular wages and overtime wages at the required legal rate for all of their overtime working hours during the relevant time period, liquidated damages, prejudgment interest, attorney's fees and costs and all other costs and penalties allowed by law.

### COUNT II
### VIOLATION OF LA. R.S. 23:631 et. seq.

33.

Plaintiffs and the members of the Plaintiff Class repeat, reiterate, and re-allege each and every allegation hereinabove, as applicable, with the same force and effect as though the same was herein set forth at length.

34.

Demand for unpaid wages has formally been made multiple times, most specifically with the Petition filed in State Court, and by opting into the conditionally certified class action. Demand is formally being made again herein for payment of all wages due at termination that have not yet been paid.

35.

LSBC's conduct was willful and not the result of mistake or inadvertence.

36.

As a direct result of LSBC's unlawful, unjust, and inequitable conduct, Plaintiffs and all members of the Plaintiff Class have suffered injury, incurred damage and financial loss in an amount to be determined at trial, and also specifically as a result of Defendant's violation of La. R.S. §23:631 and La. R.S. §23:632 et. seq.

37.

Accordingly, on behalf of the entire Plaintiff Class, Plaintiffs seek appropriate relief against LSBC including damages and restitution, penalties, prejudgment interest, attorney's fees and costs and all other relief that the Court deems just and appropriate under the circumstances provided under the law.

## COUNT III
## UNJUST ENRICHMENT

38.

Plaintiffs and the members of the Plaintiff Class repeat, reiterate, and re-allege each and every allegation hereinabove, as applicable, with the same force and effect as though the same was herein set forth at length.

39.

In the alternative, by unlawfully demanding and retaining Plaintiffs' and members of the Plaintiff Class' wages, LSBC obtained a substantial benefit and was unjustly enriched. Such conduct was detrimental to the Class.

40.

By unlawfully receiving value from Plaintiff Class members' labors without providing compensation therefore, LSBC obtained substantial benefits and was unjustly enriched at the expense of the Class.

41.

LSBC's conduct was willful and not the result of mistake or inadvertence.

42.

As a direct result of LSBC's unlawful, unjust and inequitable conduct, Plaintiffs and all members of the Plaintiff Class have suffered injury, incurred damage and financial loss in an amount to be determined at trial. Accordingly, on behalf of the entire Plaintiff Class, Plaintiffs seek appropriate relief against LSBC including damages, restitution, penalties, prejudgment interest, a permanent injunction to cease and desist the bad faith behavior iterated throughout and to not retaliate or discriminate against any employees or former employees for taking part in this suit, attorneys' fees and costs and all other relief that the Court deems just and appropriate under the circumstances.

**WHEREFORE**, **NATASHA TRISLER and HEATHER SAVAGE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**, **PRAY THAT**:

I. Defendant be duly cited to appear and answer this Complaint, and it be served with a copy thereof;

II. After due proceedings had and the lapse of all legal delays, there be judgment herein in favor of **NATASHA TRISLER and HEATHER SAVAGE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**, and against the defendant, **LIFESHARE BLOOD CENTERS**, for such damages, back pay, liquidated damages, civil penalties, and attorney's fees as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

III. **NATASHA TRISLER and HEATHER SAVAGE,** be appointed as Class Representatives, as prayed in Original Petition;

IV. David L. Morgan, Somer Brown, and Kathleen T. Deanda remain appointed as Class Counsel.

**PLAINTIFFS AND ALL OTHER MEMBERS OF THE PLAINTIFF CLASS FURTHER PRAY** for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, L.L.P.

BY:     *s/Kathleen T. Deanda*
    DAVID L. MORGAN (#27015)
    KATHLEEN T. DEANDA (#35746)
    127 West Broad Street, Suite 400 (70601)
    P.O. Box 2900
    Lake Charles, LA 70602
    Phone: 337-436-9491
    Fax: 337-312-2929
    dlmorgan@ssvcs.com
    ktdeanda@ssvcs.com
    *Attorneys for Plaintiffs, Natasha Trisler*
    *& Heather Savage, Individually and on*
    *behalf of others similarly situated*

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system, and served upon all counsel of record through the CM/ECF system.

Lake Charles, Louisiana, this 8th day of August 8, 2019.

    *s/Kathleen T. Deanda*