c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATASHA TRISLER, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:17-CV-00421 |
| VERSUS | JUDGE DRELL |
| LIFESHARE BLOOD CENTERS, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File First Amending and Supplemental Complaint ("Motion to Amend") filed by Plaintiffs Natasha Trisler ("Trisler") and Heather Savage ("Savage"), both individually and on behalf of others similarly situated (collectively "Plaintiffs"). (Doc. 177). Lifeshare Blood Center ("Lifeshare") opposes. (Doc. 187).

Because Plaintiffs fail to establish "good cause" to amend under Fed. R. Civ. P. 16(b), Plaintiffs' Motion to Amend (Doc. 177) should be DENIED.

I. **Background**

Trisler and Savage filed this collective action in the Ninth Judicial District Court, Rapides Parish, Louisiana, on behalf of themselves and other similarly situated current and former employees of LifeShare who performed donor service technician services at mobile blood drives. (Doc. 1-2 pp. 3-12). Plaintiffs allege that, while employed as technicians at the Alexandria, Louisiana location of LifeShare, they were subjected to violations of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and La Code Civ. Proc. art. 591, *et seq.* Id.

Plaintiffs allege that LifeShare's policy of automatically deducting 30 minutes for meal breaks from any day's time, even on days where they did not receive a bona fide meal break, was designed to avoid overtime. (Doc. 1-2, pp. 5-6). Additionally, Plaintiffs allege that such deductions were made over their requests for compensation on days where they amended their time sheets to reflect "no lunch taken." Id. Plaintiff further contend that LifeShare maintained a policy of preventing employees from working overtime by scheduling them for time off and by moving worked hours from one week to the next on timesheets. (Doc. 1-2, p. 5). Plaintiffs assert that their travel time was wrongfully omitted from their timesheets. Id. Plaintiffs alternatively assert state law tort claims for conversion and unjust enrichment. (Doc. 1-2, pp. 10-11). Plaintiffs seek damages, back pay, restitution, liquidated damages, civil penalties, attorney's fees, prejudgment interest, and costs. (Doc. 1-2, p. 12).

LifeShare timely removed. (Doc. 1, p. 2-3). On joint motion, the Court approved the parties' stipulated notice of collective action form, and the class was conditionally certified in May 2017. (Doc. 20). The undersigned granted Plaintiffs' joint motion to provide additional notice to 10 employees. (Doc. 104). The District Judge granted a joint motion approve a stipulated notice of collective action form to additional putative class members, and provide additional notice to Lake Charles employees. (Doc. 113).

On December 7, 2018, LifeShare moved for Partial Summary Judgment (Doc. 145) and Partial Decertification (Doc. 146). By Memorandum Ruling (Doc. 173) and Judgment (Doc. 174) on July 29, 2019, the District Judge granted in part and denied

in part LifeShare's Motion for Partial Decertification (Doc. 146) and granted LifeShare's Motion for Partial Summary Judgment (Doc. 145). (Docs. 173, 174).

The Court found that Plaintiffs are not "similarly situated" as contemplated by the FLSA. (Doc. 173, p. 9). The Court granted LifeShare's motion as to all opt-in Plaintiffs who are not current or former employees of the Alexandria LifeShare location, dismissing such claims without prejudice. Id. The Court denied LifeShare's motion as to those opt-in Plaintiffs who are current or former employees of the Alexandria location. Id. The District Judge also granted, with prejudice, LifeShare's Partial Summary Judgment as to Plaintiffs' claims for "alteration of time regarding the transfer of time between workweeks, conversion and/or unjust enrichment." (Doc. 173, p. 15; Doc. 174).

In response to the Court's opinions (Docs. 173, 174) granting LifeShare's Partial Motion for Summary Judgment, Plaintiffs now seek leave to add specific allegations under La. R.S. 23:631, *et. seq.* (Doc. 177, p. 2). Plaintiffs have also filed a Motion for Reconsideration (Doc. 178) of this Court's Memorandum Ruling (Doc. 173) and Judgment (Doc. 174).

II. Law and Analysis

    A. Standards governing the Motion to Amend.

Fed. R. Civ. P. 15(a)(1) provides that:

a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Although Fed. R. Civ. P. 15(a) "evinces a bias in favor of granting leave to amend," [such leave] is not automatic." Price v. Pinnacle Brands, Inc., 138 F.3d 602, 608 (5th Cir. 1998) (citations and quotation marks omitted).

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). In addition, where – as here – a court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

Moreover, the more lenient standard of Rule 15(a) does not apply if an amendment would require the modification of a previously entered scheduling order. Filgueira v. U.S. Bank Nat. Ass'n, 734 F.3d 420, 422 (5th Cir. 2013) (citing S & W Enters, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003). Rather, Rule 16(b) governs the amendment of pleadings "after a scheduling order's deadline to amend has expired." Filgueira, 734 F.3d at 422 (citing Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008)).

Under Fed. R. Civ. P. 16(b)(3)(A), the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Under

Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for good cause and with the court's consent.  Because the deadline for seeking to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under Rule 16(b)(4)'s good cause standard before determining whether denial is appropriate under Rule 15.  See S&W Enters., L.L.C., 315 F.3d at 536.  The Court has broad discretion to preserve the integrity and purpose of the pretrial order.  Squyres v. Heico Companies, L.L.C., 782 F.3d 224, 239 (5th Cir. 2015) (citing S&W Enters., L.L.C., 315 F.3d. at 535) (internal quotation marks and citation omitted).

### B. Factors relevant to "good cause" under Rule 16(b)(4).

Plaintiffs are required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Filgueira, 734 F.3d at 422 (citing Fahim, 551 F.3d at 348) (internal citations omitted).  Here, the Scheduling Order's deadline to amend pleadings expired on June 15, 2017.  (Docs. 21, 22).  Plaintiffs' Motion to Amend (Doc. 177) was filed on August 8, 2019.  (Doc. 177).[1]

Because Plaintiffs' Motion to Amend (Doc. 177) was filed over two years after the deadline to amend pleadings, the motion is governed by Fed. R. Civ. P. 16(b), not Fed. R. Civ. P. 15(a).  Plaintiff must demonstrate "good cause to modify the scheduling order [for] the more liberal standard of Rule 15(a) [to] apply to the district court's decision to grant or deny leave."  See S&W Enters., L.L.C., 315 at 536.

---

[1] Deadlines for fact discovery, dispositive motions, and pretrial stipulations were extended multiple times on joint or unopposed motion. (Docs. 115, 132, 134, 141, 144, 163, 169, 176). But there was never a request for extension of the deadline to amend pleadings.

5

There are four factors relevant to a determination of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Filgueira, 734 F.3d at 422 (quoting E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 333 (5th Cir. 2012)) (see also United States ex rel. Bias v. Tangipahoa Parish Sch. Bd., 816 F.3d 315, 358 (5th Cir. 2016) (quoting S&W Enters, L.L.C., 315 F.3d at 536)).

### C. Plaintiffs fail to show "good cause" to modify the Scheduling Order.

Plaintiffs in a two and one-half page Motion to Amend (Doc. 177) seek to amend their Complaint in an attempt to essentially revive claims addressed in the Court's recent Memorandum Ruling (Doc. 173) and Judgment (Doc. 174).[2] However, Plaintiffs' Motion to Amend (Doc. 177) fails to establish "good cause" to amend under Fed. R. Civ. P. 16(b).

LifeShare argues that Plaintiffs' request comes over two years after the deadline to amend pleadings, and well after discovery and dispositive motion deadlines. (Doc. 187, p. 1). Plaintiffs offer no explanation for failing to timely move for leave to amend other than they did not believe it was necessary until after the Court issued its ruling. (Doc. 189, p. 5). Plaintiffs assert the proposed amendment

---

[2] In its Memorandum Ruling, the Court found that Plaintiffs' proper state law cause of action for unpaid wages rests in Louisiana's Wage Payment Statute, La. R.S. 23:631, *et seq.*, and that Plaintiffs claims were not proper under the theory of unjust enrichment. (Doc. 173, p. 14). The Court went on to state that Plaintiffs' Petition fails to assert a claim under La. R.S. 23:631, *et. seq.* Id. The Court made no finding as to the merits of any future claims under Louisiana's Wage Payment Statute, observing the three-year liberative prescriptive period under La. Civ. Code art. 3494 for actions for payment of wages. (Doc. 173, p. 15).

would add no new discovery and should not adversely affect the current trial schedule. (Doc. 177, p. 2). Plaintiffs admit they did not specifically cite the Louisiana Wage Payment Statute, La. R.S. 23:631, *et seq.*, in their original Complaint. Id. Plaintiffs argue, however, that their original Complaint alleges Plaintiffs were terminated and had not been paid all wages due, and discovery produced a chart from LifeShare demonstrating termination dates for many employees. Id. Plaintiffs claim no unfair surprise or prejudice as to LifeShare. Id.

Plaintiffs further assert their proposed amendment removes their claims for conversion and for the movement of time in accordance with this Court's Judgment (Doc. 174) and Memorandum Ruling (Doc. 173). However, Plaintiffs' proposed amendment still contains a claim of conversion (Doc. 177-1, p. 2), and the same claims of unjust enrichment (Doc. 177-1, pp. 11-12), which were dismissed with prejudice. In a somewhat confusing manner, Plaintiffs then contend in their Reply (Doc. 189) that an amendment may not be necessary as they have alleged the underlying facts necessary to seek relief under Louisiana wage law. (Doc. 189, p. 3). Plaintiffs claim the amendment is important as the largest bulk of claims available to Plaintiffs are "straight time claims." (Doc. 189, p. 6).

LifeShare further argues an amendment would be prejudicial. (Doc. 187, p. 1). LifeShare contends that counsel determined early on that Plaintiffs' straight time claims pleaded under the FLSA and the state law claims of conversion and unjust enrichment were dubious, and conducted discovery with that in mind. (Doc. 187, p. 5). LifeShare asserts that in December of 2018, it filed a Motion to Decertify (Doc.

146) and Motion for Partial Summary Judgment (Doc. 145) at which time Plaintiffs made no attempt to amend to add a breach of contract or Louisiana wage payment act claim. (Doc. 187, p. 5). Plaintiffs concede no attempt was made to amend until after the Court's ruling. (Doc. 189, p. 6).

Plaintiffs dispute the prejudicial effect of the proposed amendment, arguing that no additional discovery is necessary. (Doc. 189, p. 6). Plaintiffs further state that any prejudice can be easily cured because a trial date has not been set. (Doc. 189, p. 7). LifeShare contends an amendment would require additional discovery related to any breach of contract claim under the Louisiana Wage Payment Act. (Doc. 187, p. 6). LifeShare further contends any new proposed claims raise issues of untimeliness as to the remaining plaintiffs. (Doc. 189, p. 6). LifeShare also raises the issues of additional good faith defenses it may could raise under the Louisiana Wage Payment Act claims. (doc. 187, p. 6).

The Court finds that the importance of an amendment[3] is outweighed by the prejudicial effect to LifeShare, including additional discovery costs and additional dispositive motion practice related to the proposed amendment. The parties have received several extensions of fact discovery and dispositive motions deadlines, conducted extensive discovery, filed dispositive motions and obtained rulings, and have already filed their Pretrial Stipulations. Additionally, in explaining the delay, Plaintiffs seemingly admit knowledge at the outset of this action that their claims

---

[3] Plaintiffs attempt to properly allege straight pay claims, which they assert constitute the bulk of Plaintiffs' claims. (Doc. 189, p. 6).

could fall under a cause of action under La. R.S. 23:631, *et seq.* (Doc. 189). See <u>Parish v. Frazier</u>, 195 F.3d 761, 763 (5th Cir. 1999) (affirming district court's denial of leave to amend filed after defendant's motion for summary judgment and seven months after the original complaint, in part because additional claims could have been raised in the original complaint).

Yet, Plaintiffs assert they did not see a need to amend until after this Court's rulings. (Doc. 189). Plaintiffs offer no explanation for failing to seek leave to amend prior to the Court's rulings on LifeShare's dispositive motions.[4] Even if Plaintiffs had shown good cause, Plaintiffs' proposed amendment is futile as it contains claims of conversion and unjust enrichment which have been dismissed by this Court with prejudice. Otherwise, the Court will consider any remaining dispute as to its prior rulings in deciding the Motion to Reconsider (Doc. 178).

### III. <u>Conclusion</u>

Because Plaintiffs fail to show "good cause" to amend under Fed. R. Civ. P. 16(b);

IT IS RECOMMENDED that Plaintiffs' Motion to Amend (Doc. 177) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

---

[4] Plaintiffs' Motion to Amend (Doc. 177) was filed eight months after LifeShare filed its dispositive motions, which they filed on the dispositive motion deadline.

(14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __16th__ day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE