UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATASHA TRISLER, et al. | CIVIL ACTION NO. 1:17-cv-00421 |
| VERSUS | JUDGE DEE D. DRELL |
| LIFESHARE BLOOD CENTER | MAGISTRATE PEREZ-MONTEZ |

**<u>JOINT MOTION FOR APPROVAL AND ORDER OF DISMISSAL</u>**

NOW COME plaintiffs, NATASHA TRISLER and HEATHER SAVAGE, individually and on behalf of similarly situated persons who opted in to this lawsuit, and defendant, LIFESHARE BLOOD CENTER ("LifeShare"), by undersigned counsel, and move this Court for approval of the Confidential Settlement Agreement and Release of claims, and for dismissal of this action, with prejudice, on the basis that the parties have agreed to an amicable settlement of the matter and desire to terminate all proceedings.

1.

Plaintiffs filed the instant action against the defendant seeking alleged unpaid wages, plus liquidated damages, interest and attorney's fees and costs, for purported violations of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"). The case was conditionally certified as a FLSA collective action, but the court later decertified the class for all but those who worked out of LifeShare's Alexandria center. A total of 10 individuals who worked out of the Alexandria center opted in to this lawsuit and agreed to be represented by the named Plaintiffs and counsel for plaintiffs.

2.

The parties have agreed to enter into a confidential settlement agreement and general release with the plaintiffs to avoid the expense and inconvenience of additional litigation in this matter.

3.

The lawsuit involved a bona fide dispute over whether LifeShare's automatic lunch deduction policy violated the FLSA. Plaintiffs' primary contention is that LifeShare automatically deducted thirty (30) minutes on all days they worked more than six (6) hours even if on some days they were not able to take at least a 30-minute uninterrupted lunch break. LifeShare contended that they were provided at least a 30 minute uninterrupted lunch break on such days and that Plaintiffs were properly paid under the FLSA. After the parties exchanged relevant records and data, a settlement was reached after arm's length and good faith negotiations between counsel.

4.

The parties, who were represented by counsel at all stages of these proceedings, are satisfied that their agreement reasonably and fairly resolves the dispute between them as to the instant action. The terms of the proposed confidential settlement were presented to the Court both in writing and orally reported to the Court on November 3, 2021, which the Court found to be a fair and reasonable resolution of a bona fide dispute.

5.

The parties stipulate to the dismissal of Case No. 1:17-cv-00421 in its entirety, with prejudice, and without costs or attorneys' fees to any of the parties (except as

otherwise agreed in the parties' settlement agreement) upon approval by the Court. This dismissal shall not affect any claims currently pending in State Court stemming from decertification of this matter, specifically: *Natasha Trisler, et al vs. Lifeshare Blood Centers*; Docket No. 266,576-E; 9th Judicial District, Parish of Rapides; *Laterica Cain, et al vs. Lifeshare Blood Centers*; Docket No. C-689,392; 19th Judicial District, Parish of East Baton Rouge; *Jessica L. Allison, et al vs. Lifeshare Blood Centers*; Docket No. 2019-4806, 14th Judicial District Court, Parish of Calcasieu; *Lafayette R. Anderson, et al vs. Lifeshare Blood Centers*; Docket No. 19-3254, 4th Judicial District Court, Parish of Ouachita; *Brianca N. Delton, et al vs. Lifeshare Blood Centers*; Docket No. 619,948-C; 1st Judicial District Court; Parish of Caddo; *Takachel Green, et al vs. Lifeshare Blood Centers*; Docket No. 620,855-C, 1st Judicial District Court; Parish of Caddo; *Crystal Allen, et al vs. Lifeshare Blood Centers*; Docket No. 620,854-C, 1st Judicial District Court; Parish of Caddo; *Natasha Holmes, et al vs. Lifeshare Blood Centers*; Docket No. 620,842-B; 1 Judicial District Court; Parish of Caddo.

6.

The parties request that this Court retain jurisdiction to enforce the terms of the settlement agreement for a period of ninety (90) days, if necessary. See, e.g., Fed. R. Civ. P. 41(a)(2); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002).

4

WHEREFORE, PLAINTIFFS AND DEFENDANT PRAY that the Court approve the settlement and enter an order, dismissing this action, with prejudice.

| | |
|---|---|
| STOCKWELL, SIEVERT, VICCELLIO CLEMENTS & SHADDOCK, L.L.P. | KEAN MILLER LLP |
| By: *s/Kathleen T. Deanda* <br> David L. Morgan, Bar #27015 <br> Kathleen T. Deanda, Bar #35746 | By: *s/Brian R. Carnie* <br> Brian R. Carnie, Bar #30868 <br> Michael D. Lowe, Bar #29323 |
| 127 West Broad Street, Suite 400 <br> Lake Charles, LA 70601 <br> Telephone: (337) 436-9491 <br> Email: dlmorgan@ssvcs.com <br>         ktdeanda@ssvcs.com | 333 Texas Street, Suite 450 <br> Shreveport, LA 71101 <br> Telephone: (318) 562-2700 <br> Email: brian.carnie@keanmiller.com <br>         michael.lowe@keanmiller.com |
| ***ATTORNEYS FOR PLAINTIFFS*** | ***ATTORNEYS FOR LIFESHARE BLOOD CENTER*** |